WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
New York, New York 10004
Telephone: (212) 510-0500
By: Shara Cornell
Trial Attorney

**HEARING DATE: August 8, 2023**
**HEARING TIME: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                                     :  Case No. 23-10951 (MG)
                                                                                              :
                                                                                              :  (Chapter 11)
MANNA MADISON AVENUE LLC,                                       :
                                                                                              :
                                     Debtor.                                      :
                                                                                              :
------------------------------------------------------------x

     PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Mary Moroney, William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), will move this Court before the Honorable Martin Glenn, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on August 8, 2023 **at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order dismissing this bankruptcy, or in the alternative, converting to chapter 7 of the Bankruptcy Code, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

     PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, to the attention of Shara C. Cornell, Esq., via e-mail at shara.cornell@usdoj.gov no later than three (3) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for

such response.

        **PLEASE TAKE FURTHER NOTICE** that the Hearing shall take place via Zoom for Government. Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. See Judge Glenn's chambers page on the Court website for additional information on how to make an eCourtAppearance and the link to do so: https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. **Appearances must be by 4:00 p.m. (Prevailing Eastern Time) one business day before the Hearing**.

Dated: New York, New York
       July 24, 2023

                                            WILLIAM K. HARRINGTON
                                            UNITED STATES TRUSTEE

                             By:    /s/ *Shara C. Cornell*
                                   Shara C. Cornell
                                   Trial Attorney
                                   One Bowling Green
                                   New York, New York 10004
                                   Tel. No. (212) 510-0500
                                   Fax. No. (212) 668-2255

To:

Brian J. Hufnagel
Morrison Tenenbaum PLLC
87 Walker Street, Floor 2
New York, NY 10013
Email: bjhufnagel@m-t-law.com

Manna Madison Avenue LLC
26 East 91st Street
New York, NY 10128

Gina La Fornarina
26 East 91st Street
New York, NY 10128

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: Case No. 23-10851 (mg)
In re :
: (Chapter 11)
MANNA MADISON AVENUE LLC, :
:
Debtor. :
:
---------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THIS CASE,
OR, IN THE ALTERNATIVE, CONVERTING TO CHAPTER 7**

**TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

This memorandum of law is in support of the motion (the "**Motion**") of William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), for an order dismissing the case of Manna Madison Avenue LLC (the "**Debtor**") or converting to one under Chapter 7 of the Bankruptcy Code. In support thereof, the United States Trustee respectfully alleges the following:

**INTRODUCTION**

"Cause" exists under 11 U.S.C. § 1112(b)(4) to dismiss or convert this Chapter 11 case to Chapter 7. First, the Debtor has failed to perform its obligations under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the Southern District of New York. The Debtor has not abided by its fiduciary duties as a debtor-in-possession by failing to file (1) schedules, (2) statements of financial affairs, (3) cash flow statement, (4) balance sheet, or its (5) corporate disclosure statement. The corporate disclosure statement is required by the Bankruptcy Code and the Local Bankruptcy Rules for the Southern District of New York to be filed contemporaneously with the Petition. No request to extend the deadline for filing these required

documents has been filed. The Petition was filed on June 20, 2023, one month ago.

Second, the Debtor has failed to provide the United States Trustee with any of the United States Trustee Initial Debtor Interview requested and required documents (the "**IDI Documents**"). Among those documents requested and missing are tax returns, proof of insurance, and bank documents.

Third, the Debtor, a corporation, does not have retained counsel. A corporate debtor cannot proceed without counsel. To date, no retention application has been filed. Accordingly, cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b). The United States Trustee recommends dismissal for the reasons set forth below.

## **FACTS**

1. On June 20, 2023, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"). *See* Declaration of Mary Moroney (the "**Moroney Decl.**") at ¶ 3.

2. On June 20, 2023, the electronic bankruptcy docket ("**ECF**") reflected that the Debtor's deficiency deadlines for its (1) schedules, (2) statement of financial affairs, (3) declaration of schedules, and (4) list of equity security holders (the "**Deadline Documents**") were due on or before July 5, 2023. The ECF Docket also reflected that the Debtor's (1) statement of operations, (2) balance sheet, and (3) cash flow statement were due at the time of filing (the "**Time of Filing Documents**") (the Deadline Documents together with the Time of Filing Documents, are collectively the "**Deficient Documents**"). *Id*. at ¶ 2.

3. Also on June 20, 2023, the Debtor filed its "Corporate Resolution" which lacked a signature. ECF Dkt. No. 1-1.

4. Also on June 20, 2023, the United States Trustee emailed the filing attorney, Mr. Brian Hufnagel, scheduling the IDI for July 27, 2023 at 11:00 a.m. and requesting the return of all documents and forms (the "**IDI Documents**") by July 11, 2023. *Id*. at ¶ 4.

5. The IDI Documents include:

- Proof of insurance
- Copies of tax returns
- Proof of closing all pre-petition bank accounts
- Proof of establishment of Debtor-In-Possession bank accounts
- Copies of bank statements
- List of physical inventory
- List of insiders and affiliates

*Id*. at ¶ 4.

6. To date, no requested IDI Documents have been returned to the United States Trustee. *Id*. at ¶ 5.

7. As of the date hereof, the Debtor has failed to file any of the Deficient Documents. *Id*. at ¶ 6.

8. As of the date hereof, no request for extension (if one is permissible) for any of the Deficient Documents has been filed. *Id*. at ¶ 7.

9. As of the date hereof, no retention application has been filed on behalf of counsel. *Id*. at ¶ 8.

# ARGUMENT

## A. Dismissal or Conversion is Appropriate Under 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court <u>shall</u> convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added).

Section 1112(b)(4) contains sixteen examples of events that constitute cause for conversion or dismissal. *In re FRGR Managing Member, LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors. *Id.*; *see also In re Gucci*, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (noting that bankruptcy court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. §1112(b)(1)-(10) for finding cause."). The burden of demonstrating cause rests with the movant. *In re BHS & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

"Cause" to convert or dismiss is not limited to the expressly enumerated provisions of section 1112(b)(4). *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause.'"); *see also* Alan Resnick, Henry J. Sommer, and Lawrence P. King, Collier on Bankruptcy ¶ 1112.01[2][a] (15th ed. 2006) (explaining section 1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b) so long as the reasons are sufficient to demonstrate cause.").

The failure to maintain appropriate insurance is cause for the conversion or dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C). *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 Bankr. LEXIS 2909, at *12 n.10 (Bankr. S.D.N.Y. Sep. 25, 2018) (finding cause to dismiss the bankruptcy case); *see also Derivium Capital LLC v. United States Tr. (In re Derivium Capital, LLC)*, No. 5 Civ. 10845, 2006 U.S. Dist. LEXIS 31427, 2006 WL 1317021, *11 (S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); *In re Van Eck*, 425 B.R. 54, 59 (Bankr. D. Conn. 2010) (finding proof of insurance inadequate when the Debtor nor his bankruptcy estate were the insured person).

1. **The Debtor has not Complied with its Obligations.**

The Debtor is required to file Schedules and a Statement of Financial Affairs within 14 days after the filing of the Petition. *See* 11 U.S.C. § 521(a)(1)(B); Fed. R. Bankr. P. 1007(c). As of the date hereof, the Debtor has failed to file Schedules or Statements of Financial Affairs.

The Debtor's failure to file Schedules and a Statement of Financial Affairs provides cause under section 1112(b)(4)(F). *In re Keeley and Grabanski Land P'ship*, 460 B.R. 520, 541-44 (D.N.D. 2011).

The Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "**Operating Guidelines**") promulgated by the Office of the United States Trustee, require a debtor to produce the documents set forth in the Operating Guidelines, such as proof of insurance, within fifteen days of filing the petition. *See* Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, U.S. DEPARTMENT OF JUSTICE OFFICE OF THE UNITED STATES TRUSTEE (September 24, 2018, 2:00 PM), https://www.justice.gov/ust-

regions-r02/region-2-general-information. The Debtor has also failed to comply with the Operating Guidelines by failing to provide any of the IDI documents to the United States Trustee. More specifically, the failure to provide proof of insurance is cause to convert this case. Accordingly, dismissal or conversion is required under 11 U.S.C. § 1112(b).

### 2. **Debtor has Failed to Retain Counsel.**

It is well established that a corporation, or other entity, may not appear in courts of the United States unless it is represented by counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (stating that "[i]t has been the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel"); *see also, Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (stating that "a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). The Second Circuit also has opined that "[s]ince, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts." *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 627 (2d Cir. 1967).

The failure of a chapter 11 corporation to retain counsel is cause for conversion or dismissal pursuant to section 1112(b) of the Bankruptcy Code. *In re Spencer C. Young Invs.*, No. 08-81852, 2009 WL 901654, *3 (Bankr. M.D.N.C. Feb. 4, 2009) (dismissing a *pro se* corporate debtor's case for, among other reasons, failure to obtain counsel); *In re Child Life, Inc.*, 126 B.R. 51, 52 (Bankr. N.D. Oh. Mar. 26, 1991) (dismissing a chapter 11 case of a corporate entity because it failed to obtain counsel); *see also, In re A's Inc.*, No. 09-21056-TLM, 2009 WL 3571247,*1-2 (Bankr. D. Idaho Oct. 26, 2009) (ordering corporate debtor to appear through

counsel and stating that case will be dismissed if debtor fails to appear with counsel within a two week period). The Court should dismiss this case because the Debtor has failed to retain counsel as required under applicable law.

**B.** **There are No Unusual Circumstances Establishing that Dismissal is Not in the Best Interests of Creditors and the Estate**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of creditors and the estate. The Debtor has done very little in its case and is not represented by retained counsel. Based on these facts, it is unlikely that the Debtor will be able to confirm a plan.

**C.** **The United States Trustee Recommends Dismissal**

As set forth above, the Debtor has failed to perform its obligations or provide any information to the United States Trustee or to the Court. Parties are operating in an information vacuum while the Debtor receives the benefits of the bankruptcy process, including the automatic stay. Accordingly, the United States Trustee recommends the dismissal of this case, rather than conversion.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
        July 24, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   /s/ Shara C. Cornell
       Shara C. Cornell
       Trial Attorney
       One Bowling Green
       New York, New York 10004
       Tel. No. (212) 510-0500